**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Greg Schillinger</u>

   v.                                                 Case No. 21-cv-135-PB

<u>N.H. State Prison Warden</u>

**<u>REPORT AND RECOMMENDATION</u>**

    Petitioner, Greg Schillinger, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 as well as motions and notices construed, in pertinent part, to be addenda to that petition (Doc. Nos. 1, 3, 5, 6, 10). Mr. Schillinger's petition and its addenda are here for preliminary review to determine whether he has asserted any facially valid claims for relief that may proceed in this case. <u>See</u> Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); <u>see also</u> § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions); LR 4.3(d)(4).

<u>Discussion</u>

I.   <u>Federal Rule of Civil Procedure 17(c)(2)</u>

    Mr. Schillinger has filed documents in this court indicating that a state probate court has appointed a guardian for him. Those filings triggered this court's decision to undertake further inquiry under Rule 17(c)(2) of the Federal

Rules of Civil Procedure to determine whether Mr. Schillinger has the capacity to litigate this action without a court-appointed representative. Rule 17(c)(2) provides, as follows:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

Id.

The March 5, 2021 Order (Doc. No. 4) in this case directed Mr. Schillinger and/or his guardian to file a copy of the state court order appointing the guardian. The guardian's response to that Order (Doc. No. 8) indicates that that the guardianship order does not limit Mr. Schillinger's ability to litigate his own claims in this case without that guardian's participation.

This court concludes that it may complete its preliminary screening of the petition under 28 U.S.C. § 2243, § 2254 Rule 4, and LR 4.3(d)(4) at this time, to determine if the petition includes facially valid claims. Cf. Mahoney v. Hearst Corp., No. 13-cv-12994-LTS, 2015 U.S. Dist. LEXIS 19253, at *4, 2015 WL 686814, at *2 (D. Mass. Feb. 18, 2015) ("'[i]n the context of unrepresented litigants proceeding in forma pauperis, [the] inquiry [as to the application of Rule 17(c)] would usually occur <u>after</u> the preliminary merits screening under 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2)'" (emphasis added) (citing

Powell v. Symons, 680 F.3d 301, 307 (3d Cir. 2012))).

Mr. Schillinger's filings here show that he can make the court understand the reasons why he considers his confinement pursuant to the pending state proceedings to violate his Fourteenth Amendment due process and equal protection rights. Where Mr. Schillinger maintains the legal capacity to litigate his own claims pro se, and has demonstrated an ability to explain the reasons for granting the relief he seeks, further action by this court under Rule 17(c)(2) appears to be unnecessary. In an abundance of caution, however, in the Order issued this date, the court has granted Mr. Schillinger's motion to appoint counsel to represent him in this matter and has extended the deadline for filing a response to this Report and Recommendation.

II. Sexually Violent Predator Proceedings

Mr. Schillinger has asserted claims challenging the validity of his current confinement in the Secure Psychiatric Unit ("SPU") in the New Hampshire State Prison. He asserts that he was transferred to SPU without due process and in violation of his right to equal protection, and in violation of state law. He further alleges that he has been improperly deemed to be subject to civil commitment for up to five years, pursuant to

N.H. Rev. Stat. Ann. ("RSA") 135-E:11, II, and that his present confinement exceeds the length of the sentence imposed in his criminal case.

### A. *Younger* Abstention

> Absent extraordinary circumstances, [the] "interests of comity and federalism instruct [federal courts] to abstain from exercising our jurisdiction in certain circumstances when . . . asked to enjoin ongoing state enforcement proceedings." [Abstention under Younger v. Harris, 401 U.S. 37 (1971),] "is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." But "even if Younger abstention is appropriate, federal courts do not invoke it if there is a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'"

Page v. King, 932 F.3d 898, 901-902 (9th Cir. 2019) (internal citations omitted).

Although much of the Superior Court docket in Mr. Schillinger's sexually violent predator petition is sealed, it is clear that those proceedings are an ongoing judicial proceeding. See State v. Schillinger, No. 219-2020-cv-00309 (N.H. Super. Strafford Cnty., filed Oct. 7, 2020). Moreover, Mr. Schillinger seeks relief here that could have the effect of enjoining that proceeding, if he were to prevail.

Civil commitment proceedings to determine if a detainee is

a sexually violent predator are the type of state enforcement proceedings that implicate important state interests that could warrant Younger abstention. Brantley v. Florida, No. 14-22718-CIV-LENARD/WHITE, 2016 U.S. Dist. LEXIS 137597, at *13 (S.D. Fla. Sep. 30, 2016). Mr. Schillinger has counsel representing him in those state proceedings, and he has an opportunity to raise all of his federal civil rights claims in those proceedings, employing the procedures available under state law. See generally State v. Ploof, 162 N.H. 609, 34 A.3d 563 (2011) (analyzing procedural protections available under RSA 135-A). Adjudicating Mr. Schillinger's Fourteenth Amendment claims here and deciding whether to order his release while those proceedings remain pending would potentially derail that proceeding and short-circuit the process established under state law to protect his rights. The prerequisites to Younger abstention are all present in this matter, and no exception appears applicable. The district judge should dismiss this § 2241 petition, without prejudice, pursuant to Younger.

    B.   Exhaustion

Alternatively, the matter is appropriately dismissed without prejudice at this time as Mr. Schillinger has not exhausted his state remedies. See Timms v. Johns, 627 F.3d 525,

530-31 (4th Cir. 2010). "'Exceptions to the exhaustion requirement are appropriate where . . . [state] remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (citation omitted). Exceptions to the exhaustion requirement arise only in "'extraordinary circumstances,'" and petitioner bears the burden of demonstrating the futility of exhausting state remedies. Id. (citations omitted).

Nothing before this court suggests that exhaustion of state court remedies through the RSA 135-E proceedings would be futile. As no exception to the exhaustion requirement is applicable, the district judge should dismiss the § 2241 petition without prejudice for lack of exhaustion.

III. Conditions of Confinement

Mr. Schillinger has asserted claims relating to the conditions of his confinement. Dismissal of this petition for reasons stated in this Report and Recommendation would not impair his ability to file a new civil rights complaint seeking relief under 42 U.S.C. § 1983, naming appropriate defendants, raising Fourteenth Amendment claims relating to the conditions

6

of his confinement.

IV. Certificate of Appealability

Although a certificate of appealability ("COA") is not essential when a habeas petitioner seeks relief under section 2241, the district judge should decline to issue a COA in this case.[1] A COA may issue "only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, a COA should issue when the inmate shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484. Here, Mr.

---

[1] See Gonzalez v. Justices of the Mun. Court, 382 F.3d 1, 12 (1st Cir. 2004) ("Where, as here, a habeas petition is governed by section 2241, a certificate of appealability is not essential."), jt. vacated on other grounds by 544 U.S. 918 (2005), and reinstated, 420 F.3d 5 (1st Cir. 2005). But see Winburn v. Nagy, 956 F.3d 909, 912 (6th Cir. 2020) ("The circuit courts speak as one in their holdings that the language of § 2253(c)(1)(A) requires certificates of appealability for all state-prisoner habeas appeals, whether seeking pretrial relief under § 2241 or post-conviction relief under § 2254.").

Schillinger has not made a substantial showing of the denial of a constitutional right, and reasonable jurists would not debate that Younger abstention and his failure to exhaust his state remedies bar further review of his claims at this time.

## Conclusion

For the foregoing reasons, the district judge should dismiss this § 2241 petition without prejudice and decline to issue a certificate of appealability. Any objections to this Report and Recommendation must be filed on or before July 7, 2021. That objection period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 8, 2021

Cc: Gregory Schillinger, pro se
    Office of the Public Guardian